UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cr-224-KDB-SCR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD ANTHONY DAVIS, II, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant's pro se Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 37, 44].

I. **BACKGROUND**

The Defendant was charged with a single count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 3: Indictment]. He pleaded guilty straight-up on October 12, 2022. [Oct. 12, 2022 Courtroom Recording]. He stated, under oath, that he received a copy of the Indictment and discussed it with his attorney; he fully understood the charges and the maximum and possible minimum sentence he faced if convicted; he understood the rights he was waiving by pleading guilty; he spoke to his attorney about how the U.S. Sentencing Guidelines may apply to his case; he understood that the Court would not be able to determine the applicable sentencing guideline range until after the Presentence Report (PSR) had been prepared and Defendant had the opportunity to comment on it; he may receive a sentence that is different than that called for by the guidelines; he would remain bound to the plea and would have no right to withdraw it even if the sentence is more severe than expected; he is, in fact, guilty of the charged offense. [Id.; see Doc. 20: Acceptance]. The Defendant stated that nobody

threatened, intimidated, or forced him to plead guilty, or made any promises of leniency or a light sentence; he had enough time to discuss any possible defenses with his attorney; and he was satisfied with counsel's services. [Id.]. The Defendant further admitted that he read, understood, and agreed with the Factual Basis which states in pertinent part:

> On or about July 29, 2020, in Mecklenburg County, Defendant knowingly, voluntarily, and intentionally possessed the following ammunition, in and affecting commerce; 9mm Luger Speer LE Gold-Dot Duty, Barnaul 7.62x39 FMJ Rifle, and 22LR Rimfire.
>
> At the time he possessed the ammunition, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and Defendant knew he had been convicted of a crime punishable by more than one year in prison.
>
> The ammunition was not manufactured in North Carolina; therefore, it traveled in interstate commerce prior to its recovery in North Carolina.

[Id.; Doc. 28: Factual Basis at 1] (paragraph numbers omitted).

> The PSR includes a Statement of Relevant Conduct that states in relevant part:
>
> [An officer] searched [Defendant's] SUV and found an unloaded AR-15 style rifle leaning against the front passenger seat with the muzzle facing downward and the buttstock on the passenger seat. The rifle was covered with black sweatpants and was unloaded but had a .30 round magazine in it. **The rifle's serial number was damaged and not fully legible**. On the floorboard, Officers … found a duffle bag containing a mixture of ammunition … as well as a loaded 30 round SKS 7.62x39 magazine….

[Doc. 26: PSR at ¶ 13] (emphasis added). The PSR charged the base offense level as 22 because the offense is a violation of 18 U.S.C. § 922(g)(1) and: the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine or a firearm described in 26 U.S.C. § 5845(a); and the Defendant committed any part of the instant offense after sustaining a felony conviction of a crime of violence or a controlled substance offense pursuant to § 2K2.1(a)(6)(A). [Id. at ¶ 18]. Four levels were added because the firearm had an altered or obliterated serial number pursuant to U.S.S.G. § 2K2.1(b)(4)(B). [Id. at ¶ 19]. This resulted in an adjusted offense level

2

subtotal of 26. [Id. at ¶ 23]. Three levels were deducted for acceptance of responsibility based on the Defendant's written statement: "I accept responsibility for my offense of conviction as described in the Factual Basis." [Id. at ¶ 16]. This resulted in a total offense level of 23. [Id. at ¶¶ 25-27].

The PSR scored criminal history points for offenses including: North Carolina common law robbery (13CRS225492-01), attempted common law robbery (13CRS225492-02), assault with a deadly weapon with serious injury (17CRS202528-01), and possession of a firearm by a felon (17CRS202533). [Id. at ¶¶ 33, 34]. The Defendant had six criminal history points and a criminal history category of III. [Id. at ¶¶ 35-36]. The resulting advisory guideline range was 57 to 71 months' imprisonment followed by between one and three years of supervised release. [Id. at ¶¶ 72, 75].

Defense counsel filed PSR objections, including to the Statement of Relevant Conduct's assertion that the serial number on the rifle was not fully legible, and to the enhancement for an altered or obliterated serial number. [Doc. 25: PSR Objections at 1-2]. The United States responded that a preponderance of the evidence supports the four-level enhancement pursuant to 2K2.1(b)(4)(B) because: police reports reflect that the serial number was "altered," "scratched off," and "exhibit[ed] a partial area of obliteration;" and a firearm examiner was able to reveal the correct serial number only after "polishing" the firearm with a Dremel tool. [Doc. 31 at 4; see Doc. 31-2 at 5-12 (photographs of the rifle as received, and through the restoration process); Doc. 31-2 at 2, 13-15 (police reports); Doc. 31-4 at 1 (same)].

The Court adopted the PSR without change and sentenced the Defendant to 66 months' imprisonment followed by three years of supervised release. [Doc. 32: Judgment]. The Judgment was entered on April 7, 2023. [Id.]. The Defendant did not appeal.

3

The Defendant filed the instant § 2255 Motion to Vacate on April 16, 2024.[1] [Doc. 37]. He argues that: (1) § 922(g) is unconstitutional; (2) the firearm's serial number was not "altered" because the numbers, although scratched, were still clearly visible; and (3) "Enhancement for my history. My history has nothing to do with the charge." [Doc. 37]. The Defendant attached a 40-page photocopied memorandum in support of Claim (1), arguing that his conviction is invalid because § 922(g) violates the Second Amendment facially and as applied to him under the standard articulated in N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). [Doc. 37-1]. The Plaintiff filed a second Motion to Vacate that was docketed on August 1, 2024.[2] [Doc. 44]. In it, he raises Grounds One and Two above and he attaches the same photocopied memorandum of law that he previously filed.[3] [Id. at 6-44]. The United States argues that the Defendant's claims should be dismissed and denied as procedurally defaulted and meritless. [Doc. 43]. The Defendant has filed a Reply requesting an evidentiary hearing and arguing that his § 922(g) claim should be granted. [Doc. 45]. This matter is ripe for disposition.

## II.   STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[2] The docketing date is used here because the Defendant does not certify the date on which he placed this document in the prison's mail system. The second Motion to Vacate is unsigned, however, the Court declines to order the Defendant to correct this deficiency because it is duplicative of the initial Motion to Vacate, which is verified.

[3] Although it appears that the Defendant has abandoned Claim Three, the Court will nevertheless address it in the Discussion section *infra* in an abundance of caution.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### 1. Sentencing Claims

The Defendant's vague and conclusory sentencing arguments in Claims (2) and (3) are insufficient to support § 2255 relief. United States v. Dyess, 730 F.3d 354 (4th Cir. 2013). Construing the *pro se* allegations liberally, the Defendant appears to contend that his advisory guideline range was erroneously enhanced pursuant to U.S.S.G. §§ 2K2.1(a)(6)(A) and 2K2.1(b)(4)(B) because his criminal history is irrelevant to the instant offense, and because the firearm's serial number was not completely illegible.

A sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."). Here, the Defendant's claims of guideline calculation errors are not cognizable in this § 2255 proceeding, and the Defendant has failed to

establish the existence of any extraordinary circumstances. Accordingly, the Defendant's claims of guideline calculation error are dismissed.[4]

## 2. Bruen Claim

The Defendant argues that § 922(g)(1) is unconstitutional – and that his conviction therefore infirm – based primarily on New York State Rifle & Pistol Ass'n v. Bruen, in which the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022).

First, the Defendant contends that § 922(g)(1) is unconstitutional on its face. [Doc. 44 at 6-41]. To succeed in a facial constitutional challenge, a defendant must establish that there is "no set of circumstances" under which the law would be valid. United States v. Rahimi, 602 U.S. __, 144 S.Ct. 1889 (2024). The Defendant's reliance on Bruen is unavailing because the Fourth Circuit has held that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." United States v. Canada, 103 F.4th 257, 258 (4th Cir. 2024) (cleaned up), *cert. petition filed* Aug. 26, 2024.

Second, the Defendant contends that § 922(g)(1) is unconstitutional as applied to him because: he admitted only his status as a felon, and not to any other status or characterization; no historical tradition justifies barring possession of a firearm by individuals with a criminal history; and he is a "rehabilitated past … felon." [See Doc. 44 at 43-44; Doc. 45 at 5]. The Fourth Circuit requires that, "in an as-applied challenge to a presumptively lawful firearms regulation, a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." Hamilton v. Pallozzi, 848 F.3d 614, 624 (4th Cir. 2017) (quoting United States v. Moore, 666 F.3d 313, 320

---

[4] These claims are also conclusively refuted by the record and, alternatively, they are denied. [See Doc. 26].

(4th Cir. 2012)). This argument fails because the Second Amendment protects the right of "law-abiding, responsible citizens to use arms in defense of hearth and home." District of Columbia v. Heller, 544 U.S. 570, 635 (2008); See Bruen, 597 U.S. at 60, 81 (recognizing that the Second Amendment allows a variety of gun regulations, including the longstanding prohibitions on the possession of firearms by felons) (Kavanaugh, J., concurring). The Supreme Court cautioned that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons…," and that felon-in-possession laws are "presumptively valid regulatory measures." Heller, at 626-27, n. 26.

Here, the Defendant has an extensive history of serious and violent felonies including robberies and assault with a deadly weapon with serious injury. [See Doc. 26]. He is not, therefore, the type of "law-abiding citizen" who is entitled to bear arms for self-protection. See Heller, 554 U.S. at 626-27, n.26; United States v. Moore, 666 F.3d 313 (4th Cir. 2012) (upholding § 922(g) conviction of a defendant who had prior felony convictions for selling or delivering cocaine, common law robberies, and assaults with a deadly weapon on a government official).

The Defendant's Bruen arguments are meritless, and therefore, his challenges to the constitutionality of § 922(g)(1), and to the validity of his conviction and sentence for violating that statute, are denied.

**IV. CONCLUSION**

For the reasons stated herein, the Defendant's Motions to Vacate are dismissed and denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docs. 37, 44] are **DISMISSED AND DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 3, 2024

Kenneth D. Bell
United States District Judge